IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-48-FL

| | |
|---|---|
| ANTHONY LEE MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| CITY OF ROCKY MOUNT POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This cause is before the undersigned to enter a Memorandum and Recommendation regarding Plaintiff's response (DE-5) to this Court's February 17, 2012 show cause order. (DE-4). For the following reasons, the undersigned RECOMMENDS that Plaintiff's filings be stricken and this case be closed.

On May 2, 2011, in McNair v. Tarboro District Attorney's Office, 5:11-CV-122-FL ("McNair v. Tarboro"), this Court noted, *inter alia*, that: "Plaintiff's numerous frivolous lawsuits have been vexatious, harassing, and duplicative." McNair v. Tarboro, DE-9, pg. 4. Accordingly, a pre-filing injunction was entered against Plaintiff. Specifically, Plaintiff was "enjoined from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings." *Id.* at 5. In addition, Plaintiff was also required to attach a copy of the pre-filing injunction "to any

complaint or motion for leave to proceed *in forma pauperis* filed by him in this judicial district, regardless of the subject matter of such lawsuit." *Id*.

Plaintiff filed a motion to proceed *in forma pauperis* and a proposed complaint in this case on February 8, 2012. (DE-1). He did not attach a copy of the pre-filing injunction to his proposed complaint. In his proposed complaint, Plaintiff alleges that Defendants charged him "in an arresting warrant for 2nd degree rape . . .[and posted] him as a sex offender into their police database . . . so police officers and state prosecutors could use it against [him] in criminal activities and prosecution [sic] in state courts." (DE-1-1, pg. 2). He then lists--in the form of rhetorical questions--several state crimes he has been charged with. *Id.* at 2-3. He apparently claims that each of these charges "den[ied him] his constitutional rights." *Id.*

On February 23, 2012, Plaintiff responded to this Court's show cause order. (DE-5). In this response, Plaintiff makes no attempt to explain why he did not attach a copy of the pre-filing injunction to his proposed complaint. Likewise, his attempts to explain why the substance of his claims is not covered by the pre-filing injunction are inadequate.

The undersigned recommends that Plaintiff's proposed complaint--and all subsequent filings--be stricken from the record and that this case be closed. First, even if his motion to proceed *in forma pauperis* were granted, his proposed complaint would not survive frivolity review pursuant to 28 U.S.C. § 1915. That statute requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* <u>Cochran v. Morris</u>, 73 F.3d 1310, 1315-16 (4th Cir. 1996). A case is frivolous if it lacks an arguable basis in either law or fact. *See* <u>Neitzke</u>

v. Williams, 490 U.S. 319, 325 (1989).  Plaintiff's complaint is frivolous.  As previously noted, his proposed complaint contains few real factual allegations, but is mostly a series of rhetorical questions.   In addition, the legal insufficiency of Plaintiff's repeated attempts to bring such claims is discussed in the order imposing the pre-filing injunction.  McNair v. Tarboro, DE-9.

Moreover, Plaintiff has not complied with the pre-filing injunction against him. He did not attach a copy of said injunction to his proposed complaint, as required. Likewise, the proposed complaint seeks to bring claims prohibited by the injunction.

**Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that Plaintiff's proposed complaint and all subsequent filings be stricken from the record and that this case be closed.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, May 02, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE